# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| TRACY EDWARD JOHNSON, | : |
| Plaintiff, | : |
| v. | : |
| Deputy KEVIN LEE, Investigators DAVID BRISCOE and TODD DALTON, Lt. CHARLES DALTON, Major KEITH BROOKS, Judge BENTON, Attorney DAVID WILLIAMS, KELLI SAYE, ALECIA ROBERTSON, and LEANNE SIMS, | : No. 3:13-cv-39-CDL-CHW |
| Defendants | : **ORDER & RECOMMENDATION** |

*Pro se* Plaintiff **TRACY EDWARD JOHNSON**, an inmate at Jenkins Correction Center ("JCC"), has filed a 42 U.S.C. § 1983 complaint (Doc. 1) and a motion to proceed *in forma pauperis* ("IFP") (Doc. 2). Based upon Plaintiff's submissions, the Court hereby **GRANTS** his motion to proceed IFP and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless required to pay the Court's $350 filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager of JCC.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner

1

complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a

2

litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## *II. BACKGROUND*

Plaintiff's claims arise out his February 21, 2012 arrest by officers of the Walton County Sheriff's Department and the subsequent revocation of his probation. According to Plaintiff, on February 4, 2012, Defendant Kelli Saye falsely stated to Defendant Deputy Kevin Lee that Plaintiff, a convicted felon, possessed a firearm. Plaintiff sues Defendant Alecia Robertson, Saye's mother, for "initiat[ing] the call to police." On February 6th, Lee obtained a warrant for Plaintiff's arrest by "falsely" accusing Plaintiff of possessing a firearm. Plaintiff contends that Lee obtained the warrant without properly investigating Saye's allegations or interviewing witnesses, including Plaintiff.

On February 21, 2012, officers went to Plaintiff's house to execute the arrest warrant. In the process, Defendant Investigator David Briscoe allegedly "violently" knocked on Plaintiff's door without announcing that he was a law enforcement officer, broke the door jamb, and illegally entered Plaintiff's home. Plaintiff then ran out of the house, after which Defendant Lieutenant Charles Dalton allegedly used excessive force in subduing Plaintiff.

3

Plaintiff claims that during the course of his arrest, Defendant Investigators Todd Dalton and Briscoe seized certain items of his personal property, including $600 in cash. Plaintiff also complains that Todd Dalton and Briscoe violated Plaintiff's rights by leaving videotapes that would "prove [he is] innocent" unsecured on Plaintiff's premises. The cash and tapes apparently disappeared. Plaintiff believes that Defendant Leanne Sims, his ex-girlfriend, obtained some of his property and refuses to return it. Plaintiff's only allegation against Defendant Major Keith Brooks is that Plaintiff told Brooks about the seizure and Brooks stated "there is a lot of stuff taken from the suspects they leave it there so the jail doesn't have to store it."

Following Plaintiff's arrest, his probation was revoked by Defendant Judge Benton. Plaintiff complains that Benton was not a "neutral" or "detached" judge because he is apparently acquainted with Leanne Sims. Plaintiff further complains that "the trial court cannot base revocation of probation upon an allegation that defendant committed a felony, where no evidence of that offense was presented during the revocation hearing." In addition to Judge Benton, Plaintiff sues Defendant David Williams, his lawyer, for ineffective assistance of counsel.

### III. DISCUSSION

#### A. Dismissed Defendants

##### 1. Kelli Saye, Alecia Robertson, and Leanne Sims

As stated above, to be liable in a section 1983 action, a defendant must act "under color of state law." *See also Almand v. DeKalb Co., Ga.*, 103 F.3d 1510, 1513 (11th Cir. 1997) ("A successful section 1983 action requires that the plaintiff show [he] was deprived of a federal right by a person acting under color of state law."). Plaintiff alleges no facts suggesting that Saye, Robertson, or Sims acted "under color of state law." Rather, these Defendants appear to be

4

private citizens acting on their accord.

In light of the foregoing, it is **RECOMMENDED** that Plaintiff's claims against Kelli Saye, Alecia Robertson, and Leanne Sims be **DISMISSED** and that Saye, Robertson, and Sims be **DISMISSED** as Defendants herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 2. *Attorney David Williams*

A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a state criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). As Plaintiff's attorney, Williams did not act under color of state law and thus similarly must be dismissed. Accordingly, it is **RECOMMENDED** that Williams be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 3. *Judge Benton*

Judges are entitled to absolute immunity from damages for acts taken in their judicial capacity, unless they acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir.1996). This immunity applies even when the judge's acts are in error, malicious, or in excess of his or her jurisdiction. *Stump*, 435 U.S. at 356. There is no suggestion that Judge Benton acted outside his

jurisdiction. Judge Benton is therefore entitled to absolute immunity.[1]

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 4. *Major Keith Brooks*

Plaintiff does not allege that Brooks personally participated in, or was otherwise responsible for, the claimed constitutional violations. Plaintiff's only allegation against Brooks is that Plaintiff told Brooks after the seizure and loss of Plaintiff's property, and Brooks failed to take action. Such after-the-fact knowledge and failure to act on the part of Brooks is insufficient to state a constitutional claim against him. ***See, e.g., Pride v. Danberg***, 2009 WL 151535, *3 (D. Del. Jan. 22, 2009) ("… any participation by Defendants in after-the-fact review of [plaintiff's] complaints is not enough to establish personal involvement.").

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B. *Remaining Defendants*

Liberally construing Plaintiff's complaint in his favor, the Court will allow his illegal entry, search, seizure, and arrest claims to go forward against Defendants Kevin Lee, David Briscoe, and Todd Dalton, and his excessive force claim to proceed against Defendant Charles Dalton. Accordingly, it is hereby **ORDERED** that service be made on these four Defendants and

---

[1] Even if Judge Benton was not entitled to absolute immunity, he would not be liable to Plaintiff under the doctrine set forth by the Supreme Court in ***Heck v. Humphrey***, 512 U.S. 477 (1994), which applies to probation revocation proceedings. ***See Cobb v. Florida***, 293 F. App'x. 708, 709 (11th Cir. 2008).

that they file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings,

and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

9

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 4th day of September, 2013.

                                          s/ Charles H. Weigle
                                          Charles H. Weigle
                                          United States Magistrate Judge